NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1870
_____

UNITED STATES OF AMERICA

v.

FILIGONIO RAMOS-SIMANCAS,
a/k/a Jose Hernandez
            Filigonio Ramos-Simancas, Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 3-08-cr-00632-001  )
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2010
Before:   BARRY, WEIS and ROTH, Circuit Judges.

(Opinion Filed July 2, 2010)
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant pled guilty to illegally re-entering the country after having been

deported for the commission of multiple narcotics offenses.  See 8 U.S.C. § 1326.  The

District Court sentenced him to 57 months' imprisonment, the middle of the Guideline

range.  Defendant now contends that his sentence was procedurally unreasonable because the District Court failed to rule on his request for a variance.  We will affirm the sentence imposed.

In determining the Guideline range, the Court included a twelve-level increase to the defendant's base offense level because of three previous narcotics convictions, the sentences for which were thirteen months or less.  See U.S.S.G. § 2L1.2(b)(1)(B).  Combining that enhancement with a three-level decrease for the acceptance of responsibility resulted in an adjusted offense level of 17, which, when applied to the defendant's criminal history category of VI, culminated in a range of 51-63 months' imprisonment.

The District Court reviewed the defendant's mitigation claims in detail, including his request for a variance on the basis that were he being sentenced in a border state, he might have received a four-level decrease to the adjusted Guideline offense level because of his willingness to participate in fast-track sentencing.  In denying the variance and finding the Guideline range to be reasonable, the Court acknowledged "[t]he need to avoid unwarranted sentencing disparities among persons with similar records who have been found guilty of similar conduct" and expressed its belief that the Guidelines help achieve "uniformity as far as border courts [are concerned]."  However, the Court was unwilling to "compare people [in border states] that have circumstances [that the Court was] not aware of with this defendant."

The record thus reveals that the District Court, contrary to the defendant's

2

assertion, ruled on the requested variance. The Court also gave "meaningful consideration" to the factors in 18 U.S.C. § 3553, see United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (a procedurally reasonable sentence "reflect[s] a district court's meaningful consideration of the factors set forth at . . . § 3553(a)" (quoting United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007))), and adequately explained the reasons for the defendant's sentence. Because we are convinced that the District Court "committed no significant procedural error in arriving at its [sentencing] decision," see id., nor imposed a substantively unreasonable term of imprisonment, we find no reversible error in the defendant's sentence.

We further note that defendant contends that the District Court improperly accepted his conviction under 8 U.S.C. § 1326(b)(2) where the commission of an aggravated felony was neither admitted nor proven beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant candidly acknowledges that he raises this point to preserve the issue should the Supreme Court modify its holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998). We recognize the defendant's preservation of the issue.

Accordingly, the Judgment of the District Court will be affirmed.